SCHARBILLIG, Respondent, vs. DAHL, Appellant.

*May 10—June 20, 1932.*

For the appellant there was a brief by *Bender, Trump, McIntyre & Freeman* of Milwaukee, and oral argument by *Rodger M. Trump.*

For the respondent there was a brief by *Gooding & Gooding* of Fond du Lac, and oral argument by *L. E. Gooding.*

FRITZ, J. The collision between the automobiles driven by plaintiff and defendant occurred on the westerly half of an eighteen feet wide concrete road. Plaintiff, traveling southward, approaching the point of collision, drove on the east half of the road without any occasion or excuse for being on the wrong side. Defendant Dahl, approaching from the south, was driving along the east half of the road at about forty miles an hour. About 200 feet ahead of him, on the east half of the road and obstructing defendant's view of plaintiff's approach, Sever Nelson was

driving an automobile at about the same speed. When Nelson observed that plaintiff was not yielding the right of way, he first began to slow up, and then, believing that plaintiff would not turn out of his way and was about to collide with him, Nelson applied his emergency brake suddenly and skidded about twenty feet before coming to a stop on the east half of the road. While Nelson was thus attempting to avoid a collision, plaintiff finally turned his automobile over to the west half of the road, and barely succeeded in clearing Nelson's automobile. Meanwhile, however, as Nelson was slowing up, defendant approached within 100 feet of Nelson's automobile and, upon noticing that Nelson had applied his emergency brake, turned his automobile onto the west half of the road, either to avoid striking Nelson's automobile or voluntarily to pass by him. As defendant turned off the east half of the road, he had his first opportunity to observe that the automobile of plaintiff was in front of Nelson's automobile, and he then saw plaintiff unexpectedly turning onto the west half of the road, as plaintiff was clearing Nelson's automobile. Defendant claims that it was then too late for him to turn back behind Nelson's machine, which had come to a stop on the east half of the road, and that neither he nor plaintiff could then come to a stop in time to avoid the head-on collision, which occurred between them while they were alongside Nelson's automobile, and with both of their automobiles parallel to the westerly edge of the road.

The jury found that the negligence of defendant in respect to speed, lookout, his line of travel, and control and management of his car was a cause of the collision. The jury also found that plaintiff, while approaching the place of collision, was negligent in respect to his line of travel, but found that such negligence was not a cause of the collision. Judgment in favor of plaintiff was ordered upon that verdict.

We cannot approve of the conclusion that plaintiff was not guilty of contributory negligence as a matter of law. It is undisputed that, as he approached the place of the accident, he wrongfully traveled southward on the east half of the road, and did not yield the right of way to Nelson, until there was just time for him to clear Nelson's automobile, upon the latter's applying his emergency brake. That sudden and unexpected stopping of Nelson's automobile, by reason of plaintiff's continuing use of the east half of the road, necessitated that defendant, to avoid colliding with Nelson's automobile, either likewise stop abruptly behind that automobile or pass to the west thereof. Whether he did the latter voluntarily, or because he veered to the west in endeavoring to stop, defendant was entitled to proceed onto the west half of the road in the absence of any observable south-bound traffic in that lane. Defendant was entitled to proceed in that lane until, in the exercise of ordinary care, he ought to have observed that plaintiff was about to travel southward on that side of the road. However, because of plaintiff's neglect to turn over onto that side of the road, where defendant could have observed his approach before plaintiff suddenly emerged from in front of Nelson's automobile, defendant was unaware of plaintiff's approach and the danger of then entering upon the west half of the road, until defendant had turned toward that side and it was too late for him to turn back behind Nelson's automobile. Consequently, plaintiff's negligence was the initial, as well as the continuing, cause of interference with Nelson's and defendant's traveling along the highway in a normal and safe manner. That negligence on plaintiff's part necessitated Nelson's sudden application of his emergency brake, and thus was the cause of defendant's turning onto the west half of the road to avoid colliding with Nelson's automobile. Likewise, that negligence of plaintiff was the cause of the concealment of his auto-

mobile from defendant, until plaintiff unexpectedly emerged from in front of Nelson's automobile,. as defendant, unaware that plaintiff was also about to enter upon the west half of the road, started to pass alongside Nelson's automobile. Thus plaintiff's negligence continued to operate, until the collision became inevitable, as a cause of the means and measures to which Nelson and defendant were obliged to resort in their attempts to avoid a collision. It follows that defendant's motion, to substitute for the jury's finding a finding that plaintiff's negligence was a cause of the collision, should have been granted, and that thereupon judgment should have been ordered dismissing the complaint.

*By the Court.*—Judgment reversed, with directions to enter judgment in accordance with the opinion.