SCHARBILLIG, Respondent, vs. DAHL, Appellant.

*April 11—May 9, 1933.*

For the appellant there were briefs by *Bender, Trump, McIntyre & Freeman* of Milwaukee, and oral argument by *Rodger M. Trump.*

For the respondent there was a brief by *Gooding & Gooding* of Fond du Lac, and oral argument by *L. E. Gooding.*

NELSON, J. This action was brought by the plaintiff to recover damages for injuries sustained by him as a result of an automobile collision which occurred near Byron, Wisconsin, on June 16, 1931. The facts regarding the collision are fully stated in the opinion of Mr. Justice FRITZ in *Scharbillig v. Dahl*, 208 Wis. 393, 243 N. W. 414, reference to which is made. The jury found that the defendant was negligent as to speed, lookout, control and management of his automobile and in respect to his line of travel; that each of such failures to exercise ordinary care was a cause of the accident; that the plaintiff was negligent in respect to his line of travel but that such failure to exercise ordinary care was not a cause of the accident, and found the amount of plaintiff's damages. Upon appeal from the judgment entered on the verdict it was held that the plaintiff's negligence was, as a matter of law, a proximate cause of the collision and precluded recovery by the plaintiff; that defendant's motion to change the answer of the jury which found that plaintiff's negligence was not a cause of the accident should have been granted. The judgment was reversed with directions to enter judgment in accordance with the opinion. The decision was rendered on June 20, 1932. On October 29, 1932, the plaintiff moved to set aside the judgment and for a new trial on the ground of newly-discovered evidence which was set forth in several affidavits submitted.

The trial of this action occurred on November 17, 1931. Judgment was entered on December 19, 1931. It appears that thereafter and on February 23, 1932, a Mrs. G. E. More, who, on June 16, 1931, resided near the place of the collision, wrote one of the plaintiff's attorneys as follows:

"I am not at all anxious to get mixed up in any affair, but in last nites paper I noticed an article on this Scharbillig-Dahl auto accident. This accident took place very near our home, and I believe I was the only eye-witness to the whole affair and I thot it so unjustly stated in last nites paper."

From the affidavit of Mrs. More submitted in support of the motion for a new trial, which was sworn to on October 28, 1932, it appears that Mrs. More asserts that she was in her front yard at the time of the collision; that she observed both the Scharbillig and the Dahl automobiles for a considerable time prior to the collision; that she observed plaintiff's car coming from the north and traveling in a southerly direction and that during all of the time that said car was under her observation it was traveling on the west side of the highway in its own lane of travel and that at no time was said car on the east side of the highway; that she also observed the other (Nelson) car traveling in a northerly direction between the Scharbillig and Dahl cars; that it was traveling at a much slower rate of speed than the Dahl car; that Dahl overtook the Nelson car and, without in any way slackening his speed or taking any other precaution, turned his car into the west lane of traffic, and that the Nelson car did not slacken its speed until at or about the time of the collision. It appears from the affidavit of one of the plaintiff's attorneys that he did not know that Mrs. More had witnessed the collision until he received her letter above mentioned.

Upon the trial of this action Nelson was produced as a witness for the plaintiff and testified in substance that he was traveling north on the east side of highway 41; that he observed Scharbillig's car when it was between two hundred and three hundred feet away coming fast down the road toward him on his right side of the road; that he thought the Scharbillig car was going to hit him so he applied his emergency brake and skidded his car on the dry pavement a distance of about twenty feet; that the Scharbillig car veered to its right, barely clearing his car, and collided with the Dahl car which had just come up alongside of him.

It appears that at the time plaintiff's brief on the formal appeal was being prepared and at the time of the oral argu-

ment before this court on May 10, 1932, plaintiff's attorneys knew that Mrs. More claimed that she had witnessed the collision, yet no mention was made of that fact either in the brief or upon the oral argument, counsel evidently hoping that the verdict of the jury might be sustained and the judgment affirmed.

In the opinion in *Scharbillig v. Dahl, supra,* p. 395, it was said:

"It is undisputed that, as he (the plaintiff) approached the place of the accident, he wrongfully traveled southward on the east half of the road, and did not yield the right of way to Nelson, until there was just time for him to clear Nelson's automobile, upon the latter's applying his emergency brake."

A review of the testimony clearly reveals the correctness of that resumé of the evidence.

If a new trial were granted it obviously would permit the plaintiff to try his action on a fact basis quite different from that proved at the trial, necessitate his throwing overboard his former witness Nelson, and adopting a new theory on which recovery might be sought. In the interest of justice we do not think such practice should be encouraged. Had plaintiff's counsel, at the time they discovered that Mrs. More was a witness to the collision and that she would testify that Scharbillig at no time traveled on Nelson's side of the road, placed such reliance upon her story as they now assert it is entitled to, they should have attempted to bring about a dismissal of the appeal so that the judgment in plaintiff's favor might be set aside and a new trial granted. In all fairness it seems that they should at least have called the matter to the attention of this court by laying all of their cards on the table rather than taking a chance on the cards played, while holding another in reserve, awaiting the outcome of our decision.

We do not intend to hold in any way *contra* to the rule established by *Hansen v. Milwaukee C. & G. Co.* 157 Wis.

514, 147 N. W. 1001; *Dibbert v. Metropolitan Investment Co.* 158 Wis. 69, 147 N. W. 3, 148 N. W. 1095; *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465; *Belt Line Realty Co. v. Dick,* 202 Wis. 608, 233 N. W. 762, viz. that a new trial may be granted by the trial court in a proper case, after an appeal to this court, if application therefor is made within the time provided by law. But we do hold that when it appears that at the time the appeal is heard by this court a party or his attorney has knowledge of newly-discovered evidence upon which such party intends to move for a new trial in case of an adverse decision here, such evidence in all fairness should be disclosed to the end that this court may, to the extent of its power, deal justly with such a situation. Under the circumstances revealed by the record before us we conclude that the order of the circuit court granting a new trial constituted an abuse of discretion.

*By the Court.*—Order reversed.