MAUERMANN, Respondent, vs. DIXON, Defendant: DAVIS
and another, Appellants.

*December 4, 1934—January 8, 1935.*

For the appellants there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Stanley M. Ryan*.

For the respondent there was a brief by *McGowan, Geffs, Fox & Persons* of Janesville, and oral argument by *H. S. Fox*.

FOWLER, J.   The appellants contend: (1) That the judgment should be reversed with directions to enter judgment in their favor because the evidence was insufficient to make a jury question as to the negligence of Davis, and that, if not entitled to such relief, (2) that the verdict should be set aside and a new trial ordered on the ground that the verdict is perverse.

(1) We consider that the findings of the jury as to the negligence of Davis in respect to speed, position on the road at the time of the collision, and control of her car are supported by the evidence, however it may be as to the other items of negligence found.   The plaintiff testified that Davis was driving fifty miles per hour in rain or mist, on wet pavement; that as they crossed a culvert immediately before the

collision the car went over a bump and turned to the left. Dixon testified that Davis was driving forty-five miles per hour, that the cars met in the middle of the road, and that the Davis car came directly at him. Another witness testified that tire marks showed the left wheel of the Davis car six inches to the left of the center line of the road. Another witness testified that shortly before the collision the Davis car passed the car he was driving when he was going thirty-five miles per hour; that he increased his speed to forty miles per hour and the Davis car kept gaining on him. Another witness testified there was a bump in the road at the culvert. This clearly makes a jury question as to the findings above mentioned, although the testimony of Davis is to the contrary.

(2) The jury found that Dixon was intoxicated. The evidence clearly shows that he was very much so, and that his car was weaving from side to side of the road as he approached the place of the collision. The jury also found that he was on the wrong side of the road when the collision occurred, and this is clearly supported by the evidence. Dixon testified that he was driving with his left wheel "pretty close to the black [center] line," and that the other car was approaching with its left wheel six inches on Dixon's side of the line. From Dixon's testimony that he was so driving and that he saw the other car so coming only seventy feet away, and that in the face of this situation he did not turn to the right to avoid the collision, it would appear that he was either very much intoxicated or guilty of a wanton and reckless manner of driving. The jury also found that he was negligent in the control of his car, as the evidence clearly shows he was. Under these facts and their overwhelming support by the evidence, we consider that the finding that Dixon's negligence was not a cause of the collision was manifestly perverse.

Perverseness of the jury also clearly appears from their finding that Davis did not "at and immediately before the

collision . . . honestly and conscientiously exercise such skill as she possessed in attempting to avoid the collision." A collision was imminent. To say that Davis, contrary to honesty and good conscience, did not do the best she could to avoid injury to herself and the wrecking of her car is to convict her not only of an attempt to wreck her comparatively new car, but to commit suicide or inflict great bodily harm upon herself. This is so utterly unreasonable and contrary to common sense and common knowledge of human conduct as to constitute perversity.

It may be said in passing that under the evidence of this case this question had no proper place in the verdict. The misconduct of Davis, if she was guilty of any, was in getting into the position of danger, not in wilful failure to exercise skill to get out of it. After one has negligently gotten into a position of imminent danger which proximately causes injury, the exercise of skill to avoid injury is immaterial. In such case neither the exercise of the highest degree of skill to avoid injury can exempt from liability nor can the failure to exercise skill increase it. Liability has been already fixed. When one is free from negligence in creating a situation from which injury results, the exercise of such skill as he possesses to avoid injury, exempts him from liability. *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441, and cases there cited. But this rule has no application in absence of evidence of lack of experience or skill on the part of the driver. There is no such evidence in this case. Such evidence as there is as to the conduct of Davis after the situation became dangerous is that she did all that she or anybody else could have done to avoid injury.

Although the perverseness of the verdict in this case is plain, it is another question whether it entitles appellants to a new trial. The facts found as to negligence of the defendant Davis and the plaintiff's freedom from negligence of themselves on their face entitle the plaintiff to judgment against the appellants. The perversity of the jury is only

evidenced in the findings respecting Dixon, which were corrected by the court so that the appellants have all the rights against Dixon to which proper findings as to him would have entitled them. Also the verdict on its face is sufficient to support a judgment against appellants, irrespective of the perverse finding of the failure of Davis to exercise skill.

Were the defendant Davis appealing from a judgment denying her damages upon her counter-claim against Dixon for damages to her person and her automobile, or from a judgment against her in favor of Dixon upon his counter-claim for ninety per cent of the damages suffered to his person and automobile, it would be too plain for argument that she would be entitled to a new trial for perversity of the verdict in the respects above mentioned. By no process of reasoning could the verdict be upheld. That a verdict should be perverse so as to require that it be set aside as between two defendants upon their counter-claims and be valid as between the plaintiff and the same defendants is inconsistent. However, setting aside the verdict for perversity need not rest on this inconsistency alone. It was stated by this court in *State Journal Printing Co. v. Madison,* 148 Wis. 396, 402, 403, 134 N. W. 909, that "where the answer to one material question of a special verdict plainly shows that the jury made the answer perversely or by reason of passion or prejudice, the court may well set the entire verdict aside, and indeed should do so unless satisfied that the answers to the other questions were not affected by such perversity, passion, or prejudice." *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592, and *McNamara v. McNamara,* 108 Wis. 613, 84 N. W. 901, are to the same effect. It may well be inferred that so palpable and gross a perversity as is evidenced in the instant case by the jury's finding that Dixon's negligence did not constitute a cause of the collision influenced their findings of the facts bearing upon the negligence of

Davis. The jury were certainly not as solicitous for the latter as they were for the former. They applied a different yardstick in measuring the effect of the same negligent acts of each. They professed to believe that Dixon's being on the wrong side of the road and his lack of control of his car did not operate as a cause of the collision while Davis's did. This clearly shows prejudice. In *Hobbs v. Nelson,* 188 Wis. 108, 205 N. W. 918, a finding that the defendant's being on the wrong side of the road was not a proximate cause of a collision was held to require a new trial, although negligence and proximate cause in another respect were found. Upon the whole record we are of opinion that it is probable that the perversity of the jury affected their findings of the facts bearing upon the liability of the appellants, and that a new trial should be ordered under sec. 251.09, Stats.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with instructions to enter an order for a new trial.