PRIDEAUX and wife, Respondents, vs. MILWAUKEE AUTO-MOBILE INSURANCE COMPANY and another, Appellants.

*November 17, 1944—January 16, 1945.*

For the appellants there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

For the respondents there was a brief by *Grelle & Schlotthauer* of Madison, and oral argument by *R. C. Grelle.*

FOWLER, J. The plaintiffs, husband and wife, who were traveling east on a highway in an automobile driven by the plaintiff husband sue the defendant Francis and his insurer to recover for injuries received by them in a collision of their automobile with an automobile traveling west driven by defendant Francis. The defendant Francis counterclaims against the plaintiff husband to recover for injuries received by him in the collision. The claims are grounded on allegations of negligence of the two drivers. The case was submitted to a jury on a special verdict. The questions as to the negligence of the two drivers were identical. The defendant Francis was found causally negligent as to management and control of his car and as to driving on the wrong side of the road. The plaintiff driver was found not negligent in either respect. Judgment was entered for each plaintiff for damages as found by the verdict.

Hereinafter the two drivers will be referred to as the "plaintiff" and the "defendant." The testimony of the plaintiff and the defendant is absolutely contradictory. Each

driver claims he was wholly on his right side of the road when the collision occurred, and that the other driver just before the collision swerved left from his own proper to the other's proper side of the road. The verdict of the jury and the judgment would ordinarily be sustained unless, as the defendants claim, the verdict is inconsistent with undisputed physical facts.

It is without dispute that the left front corners of the two cars collided; that the road where the collision occurred is paved with concrete to a width of twenty feet; that after the collision the two cars came to rest off the pavement, the plaintiff's on the north and the defendant's on the south side of the road; and that all marks made on the pavement by the two cars were entirely north of the center of the pavement except one skid mark two feet long one or one and one-half feet south of it; and that the left wheel of plaintiff's car was entirely broken off by the collision so that the left end of the axle or the left brake drum fell to and rested on the pavement. There were two other skid marks, one eight feet long, one foot north of the center line, and one fifteen feet long about four feet north of it. There is no testimony connecting any of these skid marks with either car. The only testimony referring to which car any of them was made by was that of plaintiff saying that the one south of center line "might have been made by either car." There was a scratch line on the pavement undisputably made after the collision by the fallen axle or brake drum of plaintiff's car. This line led back from the point where the car left the pavement to a spot on the pavement covered with dirt and oil that undisputably fixes approximately the point of the collision. The line consisted of a series of short metal scratches. This line is definitely fixed by the traffic officer as starting from the oil spot, and the plaintiff testified respecting it that: "The left front wheel of my car was

broken, and from about three or four feet north of the center of the road that broken wheel made a mark on the highway toward the north edge of the road." The most westerly of these metal scratches shows approximately where the collision occurred. Being made by the left end of the front axle or the left front drum of plaintiff's car, the left front of plaintiff's car was to the north of the center line of the road when the collision occurred, and the left fronts of the cars having collided the defendant's car was then north of plaintiff's and thus entirely on the north, the defendant's own, half of the road, whether the scratch was "three or four feet north of the center of the road" as plaintiff testified, or "four feet north" as the officer testified.

The accompanying photostatic copy of a sketch [see p. 394], made by the traffic officer to show the location of the cars after they came to rest and marks on the pavement made by them after the collision and such measurements as he made, will aid in understanding the above statement of facts.

There is no evidence disputing the evidence above stated as to the location of the scratch line made by plaintiff's car except testimony of the plaintiff inferentially disputing it that a wheel track made by the right wheel of defendant's car led back from where the car came to rest to within "three or four feet" north of the center of the pavement which plaintiff claims marks the point of the collision. If defendant's right rear wheel was three or four feet north of the center of the pavement when the collision occurred, then the left rear of his car extended south of the center of the pavement as the tread of his car was over five feet. This would put the left of plaintiff's car south of the center of the pavement as his car was south of defendant's, and thus put the plaintiff's car wholly on his own half of the pavement. However, as this testimony is wholly uncorroborated and is inconsistent with plaintiff's own testi-

mony as to the location of the scratch mark made by the left
front axle or brake drum of his car, which is corroborated by

the definite testimony of the traffic officer, a disinterested wit-
ness, and his actual measurements, we consider that it is so
probable that justice has miscarried by reason of failure of the
jury to bear all the evidence in mind and properly consider it,

that we should exercise our discretionary power under sec. 251.09, Stats., and reverse the judgment and remit the case for a new trial. It may further be said in support of such course that counsel not only failed to make clear the testimony of the witnesses as to the physical facts in course of their examinations of them, but by use of small and dim photographs of parts of the pavement introduced to show various marks made by the cars at the time of the collision and before coming to rest, made confusion more confounded. Photographs should be received in evidence in cases like the present only when they tend to establish or clarify evidence of physical facts.

*By the Court.*—The judgment of the circuit court is reversed, with directions to set aside the verdict in the interest of justice and order a new trial.

FAIRCHILD, J. (*concurring*). If the judgment is not to be affirmed because the evidence with relation to the physical facts may be said to be confusing enough to warrant sending the case back for retrial, still I do not agree that the question as to the point of collision is so undisputably fixed that it does not require the decision of the jury. And I am of the opinion that the photographs do tend to support the plaintiff's theory of the case. It is apparent that the jury upon the first trial so interpreted them and in this they were supported by the trial court's granting of judgment.