LEISCH, Respondent, vs. TIGERTON LUMBER COMPANY and another, Appellants.

*April 10—May 13, 1947.*

*Orville S. Luckenbach* of Shawano, for the appellants.

For the respondent there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

FRITZ, J.    The collision and resulting damages in question herein occurred at 10 :30 p. m. on a black-top roadway twenty feet wide, with shoulders two and a half to three feet wide on each side.    The left front portion of plaintiff's southbound automobile collided with the left side of the trailer which was the rear portion of a northbound tractor-trailer combination operated by defendant's driver.    No part of the tractor was involved in the collision.    The headlights on the tractor and colored clearance lights on its cab, about four and a half feet off the ground, were lit and there was a taillight, but the clearance lights on the trailer were not lit.

Plaintiff testified that as he reached the crest of a hill and started on a downgrade he saw the lights on the tractor eight hundred feet away, but that, as he was approaching at thirty to thirty-two miles per hour, he could not tell from its lights on which side of the road it was, nor could he see that there was the trailer in back of the truck, or see any lights other than its lights; that he never did discover that in back of the truck there was a trailer until his car collided with it; that on his way

down the hill he saw the truck was being driven one to one and a half feet over the imaginary center of the roadway, and he then changed his course and turned out to his right to avoid hitting the tractor, and at the time of the collision the right wheels of his car were off of the pavement, on the extreme edge of the right shoulder; that he applied his brakes, but did not stop his car nor intend to at the time. Plaintiff also testified he did not swing to the left at any time, and was traveling on his right side of the road up to the time of the collision. However, a traffic officer, who investigated the accident, testified there were skid marks,—which he called rim marks,—caused by plaintiff's car, which began three paces from the west edge of the black-top surface, and which "veered to the left and in following them to the left, the front end of the car struck the ditch, turned over and came to a rest there. . . . These marks started about one foot west of the center of the highway facing south" and "were made by the Leisch car;" and that the left front tire of the car was flat. It traveled two hundred to two hundred fifty feet after the collision before it stopped facing northeast in a ditch on the east side of the road.

On the other hand, defendant's driver testified he was traveling thirty miles per hour and did not change his course but kept going straight north on his right side of the road; that his tractor and trailer were lined up and all on the right-hand side of the highway at the time of the accident; that the front wheel and fender of plaintiff's car hit the back wheel of the trailer, twenty-two to twenty-four feet from the front wheel of the tractor; that after the accident he applied his brakes and pulled his truck to the side of the road, and came to a stop in about twenty feet; and that he saw skid marks the night of the accident, which he knew were his brake marks, and they were approximately twenty feet long and definitely to his right of the center line of the highway,—approximately three feet on his side of the center line. However, the traffic officer testified he could see no brake marks left by the truck.

The jury found (1) that the truck driver was causally negligent in failing to operate the tractor and trailer to the right of the middle of the traveled portion of the roadway; (2) that plaintiff was causally negligent in failing to have his car under control; (3) that plaintiff was not negligent in failing to operate his car on the right side of the traveled portion of the roadway; (4) that the negligence of the plaintiff in failing to operate his car on the right side of the road was a proximate cause of the collision; and (5) that thirty-five per cent of the causal negligence was attributable to defendant's driver; and sixty-five per cent thereof was attributable to plaintiff. On motions after verdict the court denied defendant's motion for judgment on the verdict dismissing the complaint; and denied also plaintiff's motion for judgment notwithstanding the verdict. However, the court granted plaintiff's motions (1) that the jury's answer finding plaintiff negligent in failing to have his car under control be changed from "Yes" to "No;" and (2) that the jury's answer, that such negligent control by plaintiff was a cause, be stricken, because there was no such negligence on the part of plaintiff; and the court granted also plaintiff's motions (3) that the jury's answer, that plaintiff's negligent failure to operate his car on the right side of the roadway was a proximate cause, be stricken because the jury had found plaintiff was not negligent in failing to operate on such right side; and (4) that the jury's findings that plaintiff's causal negligence was sixty-five per cent be changed to finding that there was none. Upon the verdict as thus amended by the court judgment was entered for plaintiff's recovery of the $300 assessed by the jury.

It is clearly evident that, in view of the above-stated testimony of the plaintiff and that of defendant's driver, and of also the traffic officer, there were such conflicts in the evidence in relation to the issues as to which of the drivers was negligent in failing to operate his vehicle to his right of the middle of the roadway, and whether if either was so negligent his negligence

was a cause of the collision, and likewise such conflicts in relation to the issues as to whether plaintiff was negligent in failing to have his car under control and whether such negligence was a cause of the collision, that it was obviously within the province of the jury to determine the issues in those respects. Consequently the court was not warranted in setting aside and changing, as it did, the jury's findings and substituting in lieu thereof findings of its own and then ordering thereon the judgment under review. Because of the inconsistency in the jury's finding that plaintiff was not negligent in failing to operate his car on his right side of the roadway, but then nevertheless finding that his negligence in that respect was a proximate cause of the collision; and because of the jury also finding that plaintiff was negligent in failing to have his car under control and such negligence was a cause of the collision, and also finding that sixty-five per cent of the total causal negligence was attributable to plaintiff, no judgment for the recovery of his damage could be entered even though the court was of the opinion that the jury's findings should have been such as to entitle plaintiff to recover. In view of the conflicts in the evidence in relation to the issues submitted in the special verdict and the jury's findings, the only relief which the court could grant to plaintiff would have been to set aside the verdict and order a new trial, if in the court's judgment the evidence entitled plaintiff to more favorable findings by a jury given proper and adequate instructions.

It follows that the judgment under review cannot be sustained, but that does not necessarily entitle defendant to have, —as requested in its brief on this appeal,—the jury's verdict reinstated and judgment entered thereon dismissing the complaint. Instead, it is our conclusion, after due consideration of the entire record, that in the interest of justice we should exercise our discretionary power under sec. 251.09, Stats., and reverse the judgment and remit the case for a new trial. *Schuyler v. Kernan*, 209 Wis. 236, 244 N. W. 575; *Mauer-*

*mann v. Dixon,* 217 Wis. 29, 35, 258 N. W. 352; *Schworer v. Einberger,* 232 Wis. 210, 219, 286 N. W. 14; *Prideaux v. Milwaukee Automobile Ins. Co.* 246 Wis. 390, 395, 17 N. W. (2d) 350.

*By the Court.*—Judgment reversed, with directions to set aside the verdict and order a new trial in the interest of justice.