LIEN and wife, Plaintiffs and Respondents, v. PITTS and wife, Defendants and Appellants: O'MALLEY REALTY COMPANY and others, Defendants and Respondents.

*No. 44. Argued January 7, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 462.)

36

38

For the appellants there were briefs and oral argument by *Byron J. Hays* of Milwaukee.

For the plaintiffs-respondents there was a brief and oral argument by *David W. Lers* of West Allis.

For the defendants-respondents there was a brief and oral argument by *Gregory Gramling, Jr.,* of Milwaukee.

BEILFUSS, J. The overriding issues are: (1) Whether the trial court abused its discretion in granting a new trial in the interest of justice in the action between the sellers and the buyers, and (2) whether it was error to dismiss the action against the third-party real estate broker and its sales people.

"The general rule is that an order for a new trial in the interest of justice will be reversed only where the trial court abused its discretion. The rule does not apply, however, where the court proceeded upon an erroneous view of the law.

"Sec. 270.49 (2), Stats., provides:

"'. . . No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order. . . .'

"It follows that in reviewing such order, we are to examine the reasons stated, in the light of the record, in order to determine whether the order is based on an error of law or is an abuse of discretion. The question is not, of course, whether our reading of the record would lead us to order a new trial, and we recognize and give full weight to the opportunity of the trial court to observe the trial and evaluate the evidence.

"The order now before us referred to the reasons set forth in the decision, which consists of a transcription of the court's remarks after hearing argument. We therefore turn to the context of the decision." *Felkl v. Classified Risk Ins. Corp.* (1964), 24 Wis. 2d 595, 597, 598, 129 N. W. 2d 222.

Thus in analyzing this record it will be necessary to determine on what basis Judge RASKIN granted the new trial. In his oral decision on motions after verdict the trial judge stated:

"*The court:* Third party complaint with costs. And I'm going to grant a new trial in the interests of justice and the controversy between the plaintiff Liens and the defendant Pitts. I believe that the case has to be retried because there were a number of very important manifestations that were omitted, not by way of strategy, as I see it, but simply a different—by following a different theory, presumably, that what the law calls for in a case of this kind. I don't think that I ought comment any further on it, because I have granted the parties or the defendants principally a new trial in the interest of justice, and I hope that if the case is to be tried, that some of the comments that the Court had made with respect to the missing testimony, missing exhibits, will become available and be brought into court, and a fuller and a more explicit hearing be given to all of the parties as to just what was really intended. I feel that it was so necessary to go into the application of the bank so necessary to have a clear understanding of what conventional—as to whether this was to be a conventional loan and what conventional loan really means. There is some evidence here, some, what amortization means, whether it means taxes and insurance as well as principal and interest."

The order, as drafted by Attorney Hays at the direction of the trial court, provided:

"The new trial in the interests of justice is ordered on the following grounds:
"1. That the facts did not warrant a trial on the basis of reformation of the contract.
"2. For the reason that a new trial should follow a different theory than that of the original trial.
"3. Because a number of very important items of proof were omitted."

From these matters it is apparent the new trial was granted out of a sense of fairness on the record, not

because the trial court felt error had occurred at the first trial.

We agree that the trial court did not grant the new trial in the interest of justice upon an erroneous view of the law. Thus before either party can obtain a reversal of that order an abuse of discretion must be demonstrated.

The defendants-appellants, the Pittses, insist upon this appeal, as they did at the trial, that they are entitled to a reformation of the contract so as to provide the Pittses' obligation to perform was contingent upon their obtaining the financing from one source only, the First National Bank of Glendale.

Even if it could be said the evidence was conclusive that the Pittses thought this provision appeared or was a part of the contract, it does not follow that they are entitled to reformation unless it can be shown that there was a mutual mistake, namely, that the Liens thought this provision was in the contract or that it was omitted because of the fraud of the Liens or their agents.[1]

Both the jury and the trial court, as a factual matter, found there was no fraud or mistake on the part of either the Liens or the third-party defendants, the real estate agents Winston and Mayer. The court's finding (the jury verdict was only advisory) is not against the great weight of the credible evidence and must be sustained. The trial court's conclusion that the Pittses had not proven a cause of action for reformation is approved.

The Liens, as sellers, contend that the financing provision was complied with by the sellers when they offered to take a mortgage back payable upon an amortized basis. The Pittses, on the other hand, contend that the financing provision was so indefinite as to result in a

[1] *See Langer v. Stegerwald Lumber Co.* (1952), 262 Wis. 383, 55 N. W. 2d 389, 56 N. W. 2d 512, and *Holton State Bank v. Greater Milwaukee Food Merchants Asso.* (1960), 9 Wis. 2d 95, 100 N. W. 2d 322.

failure of an agreement (a lack of the meeting of the minds), or that their offer of a note and mortgage pursuant to the literal terms of the financing clause rejected by the Liens was a breach on the part of the Liens, justifying nonperformance by the Pittses.

It is apparent that the trial court believed the case was not tried upon the theory of the indefiniteness of the contract. The trial court was of the apparent belief that evidence is available and should be presented as to the reason the bank turned down the Pittses' application and testimony as to the prevailing conventional loan arrangements and practices in the community.

The general rule is that: "Courts are not inclined to strike down such a contract for uncertainty if the deficiency can be supplied consistent with reasonableness in the interest of preserving the contract which parties thought they made. A contract is certain which may be made certain from the surrounding circumstances." [2]

The trial court here was convinced that competent and persuasive evidence of the surrounding circumstances was not introduced into evidence and that the action was tried on the wrong theory.

The policy decision facing the court was succinctly stated by Professor Raushenbush in an article on contingent financing conditions as follows:

"If the court is to have a manageable task, and at the same time respect what the parties intended, it must not construe financing conditions to give too broad a discretion to buyer, for that is not what the parties intend. Nor must it attempt to write details into financing conditions that have almost no detail. I suggest that it should be ready to throw out badly drafted or vague contracts as void for indefiniteness, following the *Gerruth*

---

[2] *See Gerruth Realty Co. v. Pire* (1962), 17 Wis. 2d 89, 91, 92, 115 N. W. 2d 557; *Kovarik v. Vesely* (1958), 3 Wis. 2d 573, 89 N. W. 2d 279.

*Case.* Such an approach will eventually force the drafters of purchase contracts to use adequate detail. For contracts which do contain adequately detailed financing conditions, the court must somehow judge the materiality of the details and the good faith of the buyer, hard as that task is. Such an approach would be consistent with the *Kovarik* and *Boulevard Builders* cases, and with the probable intentions of the parties." [3]

It is clear that the trial court clearly believed the case was tried upon the wrong theory—that the pertinent evidence had not been introduced and that in the interest of obtaining justice a new trial should be had between the sellers and the buyers. These reasons are sufficient to warrant a new trial in the interest of justice and from our review of the record we find no abuse of discretion on the part of the trial court in ordering a new trial in the interest of justice between the sellers and buyers.

The trial court further found, in effect, that there was no evidence of fraud or negligence on the part of Winston and Mayer in the negotiations leading to the terms and the signing of the offer to purchase, nor in their conduct thereafter and entered judgment dismissing the third-party complaint. These findings of fact can be upset by this court only if they are against the great weight and clear preponderance of the evidence.

The Pittses were both college graduates. Mr. Pitts, by virtue of his professional football activities over a period of five years, had some general experience and familiarity with contracts and he stated that he knew Winston and Mayer were agents of the Liens. The disputed provisions of the contract were inserted in longhand in the presence of the Pittses; they had ample opportunity to read the contract before signing it. Both Winston and Mayer denied that the purchase was con-

---

[3] Raushenbush, *Problems and Practices With Financing Conditions in Real Estate Purchase Contracts,* 1963 Wis. L. Rev. 566, 621.

tingent upon obtaining the loan from one specific lending agency, the Glendale bank, and that it was discussed and understood by the Pittses that the mortgage would have to be paid on a monthly basis.

It is true that the third-party defendants were, as acknowledged by Mr. Pitts, primarily the agents of the Liens. However, counsel for the Pittses correctly points out that because the third-party defendants were licensed real estate brokers and agents they have a special duty not to deceive or mislead purchasers.[4] However,

"It is a rule of long standing that the signing of an instrument raises a strong presumption that its contents are understood by the signer, and such presumption is not overcome by his statements that he did not understand the nature of the instrument which he signed. [Case cited.]" *Stockinger v. Central National Ins. Co.* (1964), 24 Wis. 2d 245, 252, 128 N. W. 2d 433.

The credibility of the witnesses and the weight of the evidence is for the trier of the fact. We cannot now say the findings of the trial court are against the great weight and clear preponderance of the evidence. There is substantial evidence that supports its finding on this issue and the judgment dismissing the third-party complaint should be affirmed.

*By the Court.*—Judgment dismissing the third-party complaint is affirmed and third-party defendants to tax costs against appellants. The order granting a new trial is affirmed without costs.

---

[4] *Rusch v. Wald* (1930), 202 Wis. 462, 232 N. W. 875; *Krzysko v. Gaudynski* (1932), 207 Wis. 608, 242 N. W. 186.