RICHARDS, Appellant, v. GRUEN, Respondent.

*No. 248. Argued January 3, 1974.—Decided February 5, 1974.*
(Also reported in 214 N. W. 2d 309.)

100

102

104

For the appellant there was a brief by *Walther & Halling*, attorneys, and *David B. Halling* of counsel, all of Milwaukee, and oral argument by *David B. Halling*.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *John T. McCann* of counsel, both of Milwaukee, and oral argument by *John T. McCann*.

BEILFUSS, J. The issues stated by the appellant are:

"I. Did the trial court err in ordering a new trial in the 'interest of justice?'

"II. Was defendant entitled to a jury instruction on a higher burden of proof as set forth in *New York Times v. Sullivan?*"

If the trial court has set forth valid reasons [2] in its order or memorandum opinion, this court will affirm an order for a new trial in the interest of justice unless there is a clear showing of abuse of discretion.[3]

The reasons set forth by the trial court in its memorandum opinion are as follows:

"Throughout the trial no reference was made by counsel for either party to the so-called *New York Times* case or the standards set forth therein, nor was any reference made to the other United States Supreme Court decisions which expanded upon the rulings in that case.

---

[2] *See* sec. 270.49 (1) and (2), Stats.

[3] *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 140 N. W. 2d 267; *Lien v. Pitts* (1970), 46 Wis. 2d 35, 41 and 45, 174 N. W. 2d 462.

At the time counsel were in chambers discussing burden of proof the Court advised counsel that it was its intention to give Wisconsin Jury Instruction, Civil, 200 on BURDEN OF PROOF. No objections were made thereto and no suggestions came forth relative to the burden of proof. The trial of this case began on April 25, 1972 and concluded on May 2, 1972. The case of *Polzin v. Helmbrecht,* — Wis. 2d — (1972), was filed in the office of the Clerk of the Supreme Court of Wisconsin on May 4, 1972 and, of course, was not available to counsel or to the Court during the trial of this action. In *Polzin v. Helmbrecht,* the Court made it amply clear, if clarification was necessary, that *New York Times* standards must be complied with in courts of this state.

"In *New York Times Company v. Sullivan* (1964), 376 U. S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686, the court held, in effect, that 'Public officials had a conditional privilege which permitted them to speak with more freedom upon public issues than private persons would have.' In other words, the Supreme Court in recognition of the First Amendment to the United States Constitution held that public officials should not be unduly limited in the right of freedom of speech stating that '(I)t is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions. . . . and this opportunity is to be afforded for "vigorous advocacy" no less than "abstract discussion."

" 'Thus we consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.'

"Subsequent decisions have also broadened the *New York Times* rule so as to make it applicable to 'public figures' as well as 'public officials.' *Greenbelt Coopera-*

*tive Publishing Ass'n v. Bresler* (1970), 398 U. S. 6, 90 S. Ct. 1537, 26 L. Ed. 2d 21.

"In *Rosenbloom v. Metromedia, Inc.* (1971), 403 U. S. 29, 91 S. Ct. 1811, 29 L. Ed. 2d 296, the court expanded the *New York Times* rule to make it applicable to libel actions involving previously anonymous individuals who are neither 'public officials' or 'public figures' but who had become involved in matters of public or general interest. *See also Beatty v. Ellings* (Minn. 1969), 173 N. W. 2d 12. Many other cases decided by the United States Supreme Court have expanded the *New York Times* rule. *Rosenbloom* expanded the *New York Times* rule to include not only 'public figures' but also any person who became involved in an event of general public interest.

"In the instant case plaintiff made a speech before the Common Council of the City of Glendale on March 18, 1969 in which he severely attacked the defendant and in particular with respect to his conduct as a public official, claiming that he had conducted his private business in conflict with his public business. Mr. Gruen, the defendant, was then an Alderman in the City of Glendale and was a candidate for Mayor. Thus plaintiff's condemnation and criticism of the defendant as an Alderman and candidate for Mayor got himself involved in a matter of public and general interest. During the trial of this case the Court did not consider whether or not the plaintiff, Richards, was a 'public figure' or that he had become involved in a matter of public or general interest, because it felt that defendant's statements were being made with reference to a private individual and that the question of conditional privilege was not involved. Had the *New York Times* rule, and its subsequent expansion, been called to the Court's attention or had the Court had the same in mind, the Court would have been obliged to determine whether or not the plaintiff, Richards, had become a 'public figure' or engaged in a matter of public

or general interest. If the plaintiff was engaged in a matter of public or general interest, then the defendant, Gruen, had a conditional privilege to reply to plaintiff's remarks about him.

"The *New York Times* rule is also authority for the fact that an action brought by a public official for libel requires clear and convincing proof that the defamation was published with 'knowledge that it was false or with reckless disregard of whether it was false or not.' In view of the fact that this rule has been expanded to include 'public figures' and persons with a 'public or general interest', it appears that the same burden of proof should apply in this case. In *Polzin v. Helmbrecht* the Wisconsin Supreme Court stated as follows:

" 'The *New York Times* case involved the alleged libel of a public figure. We do not reach the question here of whether the respondent was a public figure as there determined, in view of the more recent decision of the United States Supreme Court in *Rosenbloom v. Metromedia*. In *Rosenbloom* a plurality of the court extended the "public figure" test and indicated that the *New York Times* rule applied when the controversy related to an "event of public or general concern." ' "

"It seems clear to this Court that the so-called *New York Times* rule, as expanded by subsequent United States Supreme Court decisions, was not followed during the trial of this case. It also seems clear that in view of *Polzin v. Helmbrecht* this Court must, in the interest of justice, grant a new trial so that all issues can properly be tried in the manner directed by *Polzin v. Helmbrecht*."

From this quotation it is amply clear that the trial court was of the opinion that the case should have been tried under the legal standards set forth in the *New York Times Co. v. Sullivan* decision,[4] and in the Wiscon-

---

[4] (1964), 376 U. S. 254, 84 Sup. Ct. 710, 11 L. Ed. 2d 686.

sin case, *Polzin v. Helmbrecht* (1972), 54 Wis. 2d 578, 196 N. W. 2d 685.

We agree with the trial court that when Richards, of his own volition, appeared before the city council in the manner in which he did to urge the purchase of his property and challenge the ethics and integrity of Gruen, who was not only an alderman but a candidate for mayor in an imminent election, he placed himself in an area of matters of public or general interest.

The purchase of property by the city involved the expenditure of public funds. The expenditure of public funds under almost any test is a matter of public or general interest. The ethical conduct and the moral judgments of a councilman and a candidate for mayor are also matters of public or general interest.

Because Richards involved himself in these matters of public or general interest, Gruen was cloaked with a conditional privilege in his response before the council on March 25, 1969. Before this response can be declared to be libelous it must be tested by the *New York Times v. Sullivan* standards.

The appellant-Richards argues that because the defendant-Gruen did not request appropriate instructions, made no objections to the proposed verdict and instructions, Gruen is now foreclosed from obtaining a new trial. He cites several cases which give some support to his argument.[5] True, the respondent-Gruen cannot insist upon a new trial as a matter of right because of a procedural failure of his own making. It does not follow that a trial court cannot grant a new trial in the interest of justice when it is of the opinion that justice has miscarried or

[5] *See Boller v. Cofrances* (1969), 42 Wis. 2d 170, 166 N. W. 2d 129; *Withers v. Tucker* (1965), 28 Wis. 2d 82, 135 N. W. 2d 776; *Grinley v. Eau Galle* (1956), 274 Wis. 177, 179, 79 N. W. 2d 797; *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 154 N. W. 2d 237.

a verdict is returned based upon erroneous instructions as the law. It cannot be said that counsel was derelict in his duty or unfairly sat idly by in not making requests for instructions or objections to the verdict when the decision that clarified these propositions of law had not yet been announced.

If the trial court exercises this discretion based upon stated valid reasons, this court, upon appellate review, will not reverse that order.

Our review convinces us that the trial court did not abuse its discretion and the order setting aside the verdict and granting a new trial in the interest of justice should be affirmed.

The plaintiff also contends that even if the *New York Times v. Sullivan* standards apply, the evidence is sufficient to meet these standards. From our examination of the record we do not believe the evidence compels that conclusion. A reasonable jury could arrive at different findings as to whether the statements were libelous and as to the amounts of damages.

*By the Court.*—Order affirmed.