## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Tillman

v.

Tayloe Development Corp. et al.

March 27, 1984

Case No. (Law) 8574

### By JUDGE ALBERT H. GRENADIER

The defendant Duft has filed a demurrer to the motion for judgment and a plea in bar to the cross-claims of the defendants Town and Country Properties, Inc., and Emanuel A. Baker, Jr.

In his demurrer Duft argues that as sales agent for the selling broker he had no duty to the plaintiffs, that the alleged misrepresentations were statements of opinion and not actionable, and that the plaintiffs have not alleged facts indicating they were damaged by his actions.

The Court cannot find any relevant case law that supports the proposition that the selling agent owes no duty to the purchaser. Certainly he owes a duty to refrain from making misrepresentations of material facts for the purpose of inducing the purchaser to enter into a contract. "An agent who fraudulently makes representations. . . is subject to liability in tort to the injured person although the fraud or duress occurs in a transaction on behalf of the principal." *Restatement Agency 2d*, § 348. *Carrel v. Lux*, 101 Ariz. 430, 420 P.2d 564 (1966). In *Lock v. Schneppler*, 426 A.2d 856 (Del.Super. 1981), the Court held that if a broker engaged to sell induces a third person to purchase by means of fraud, he may be

liable to that person for loss suffered as a consequence. See also 12 Am.Jur.2d, *Brokers*, § 108 (1964); *DeSoto v. Ellis*, 393 So.2d 847 (La.App. 1981); 12 C.J.S. *Brokers*, Section 107 (1980).

In *Shane v. Hoffmann*, 227 Pa.Super. 176, 324 A.2d 532 (1974), the court held that where a broker employed to sell property misrepresents or conceals a material fact he is liable to the purchaser in damages. In *Lien v. Pitts*, 46 Wis.2d 35, 174 N.W.2d 462 (1970), the court observed that the purchaser's attorney correctly pointed out that the real estate broker and agent were licensed and had a special duty not to deceive or mislead purchasers. *In First Church of Open Bible v. Cline J. Dunton Realty, Inc.*, 19 Wash. App. 275, 574 P.2d 1211 (1978), the court held both the listing broker and the selling broker liable to the purchaser for a misrepresentation of the boundary lines of the property.

Although the law on the question of a real estate agent's liability to a third party for fraud is neither well settled nor well developed, the modern trend is to hold the agent liable to the purchaser for losses sustained by the purchaser when he is induced to enter into a contract by the misrepresentations of the agent. This Court is satisfied that the defendant agent had a duty to refrain from making fraudulent misrepresentations and is liable to the plaintiffs for a breach of that duty.

Although the doctrine of caveat emptor normally applies to sales of real property, *Kuczmanski v. Gill*, 225 Va. 367 (1983), the doctrine affords no protection to a seller who makes false representations of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely. *Robberecht v. Maitland Bros.*, 220 Va. 109 (1979). Mere expressions of opinion, however, do not rise to this level and do not constitute fraud. *Kuczmanski v. Gill, supra*; *Watson v. Avon Street Business Center, Inc.*, 226 Va. 614 (1984). It is necessary, therefore, to examine the allegations of the motion for judgment to see into which category the statements fall.

It should be apparent from the nature of the contract that the ability of the seller to perform was of primary importance to the purchasers. The motion for judgment alleges that Duft made certain misrepresentations in order to induce the plaintiffs to enter into the contract. It is the opinion of the Court that the statements attributed to Duft in the motion for judgment were not mere

expressions of opinion, but were misrepresentations of material facts, constituting an inducement to the contract, on which the buyer had a right to rely. Such misrepresentations can constitute fraud, taking this case outside the doctrine of *caveat emptor.*

In response to the argument that the plaintiffs have not properly alleged their damages, the Court must say that the motion for judgment is replete with allegations that the plaintiffs were damaged as a direct result of the actions of the defendants. To hold otherwise would be to ignore the averments of paragraphs numbered fifteen, eighteen, nineteen and thirty-nine of the motion for judgment. In the Court's opinion the factual allegations concerning damages are more than adequate to withstand an attack by demurrer.

For the foregoing reasons the demurrer will be over-ruled and the defendant Duft shall file his grounds of defense to the motion for judgment.

The plea in bar raises the interesting issue of whether the statute of limitations has run on the cross-claim against Duft asserted by Town and Country and Baker. This case is the second suit filed by the plaintiffs on this particular cause of action. Their first suit was filed in this Court on May 9, 1979, designated At Law No. 5405. In that case Town and Country, Baker, Duft and Crego filed a joint answer. No cross-claims were filed. On August 10, 1983, the Tillmans nonsuited their case. On November 9, 1983, they filed this suit, which for all intents and purposes is identical to the original suit. In this case the defendants Town and Country and Baker filed cross-claims against several of the other defendants, including Duft. Duft alleges the statute of limitations has run on the cross-claims.

Were it not for the tolling provisions of Section 8.01-229 of the Code of Virginia the instant suit would be time-barred. This action allows a plaintiff who has taken a voluntary nonsuit to re-commence his action within six months from the date he suffers his nonsuit or within the original period of limitation, whichever period is longer. This suit was filed after the expiration of the statute of limitations but within the six-month period. There is no reference in Section 8.01-229 to any party other than the plaintiff receiving the benefit of the extension of time within which to file. If the plaintiff had not chosen to refile his action, the defendants clearly

could not have maintained an independent action arising out of this transaction after the expiration of the five-year period. This defendant is now seeking to ride on the coattails of the plaintiff without any express statutory authority granting him this right.

It should be noted that the defendants Town and Country and Baker did not file any cross-claims against the other defendants in the first case. Had they done so, under § 8.01-380(c) of the Code of Virginia the Tillmans could not have nonsuited their case without their consent. In any event, Town and Country and Baker could have protected their right to a cross-claim by asserting it in the first case.

While the Court is unable to find any case precisely on point, it is the opinion of the Court that the tolling provisions of § 8.01-229 apply only to the plaintiffs and the defendants do not have the benefit of such provisions and the additional six months within which to file their cross-claims. If the legislature had intended this section to apply to cross-claimants, it would have included them. Its failure to do so is a clear indication that it did not intend to extend the benefit of this section to parties other than the plaintiff. Accordingly, the plea in bar of the defendant Duft will be sustained, and the cross-claims of the defendants Town and Country and Baker dismissed as not timely filed. As the defendant Crego has filed a similar plea in bar, the cross-claim should also be dismissed as to him.