STATE of Wisconsin, Plaintiff-Appellant,

v.

Rowland L. HARP, Defendant-Respondent.

Court of Appeals

*No. 89-1621-CR. Submitted on briefs December 11, 1990.—Decided March 21, 1991.*

(Also reported in 469 N.W.2d 210.)

For the plaintiff-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

For the defendant-respondent the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender, of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   The state appeals from an order granting Rowland Harp a new trial after a jury found him guilty of second degree murder. The issues are: (1) whether the trial court has authority under sec. 805.15(1), Stats.,[1] to set aside a verdict and order a new trial on grounds that the real controversy was not fully

---

[1] While the present ch. 805, Stats., comprises rules of procedure first adopted by the supreme court in 1934, the initial "rules" were created by statute. *See* Wis. Stats. Ann. Interpretive Commentary to sec. 805.15 (West 1977). We so designate them here.

774

tried; (2) if so, whether the exercise of that authority is limited to errors relating to the admission or exclusion of evidence; and (3) whether the trial court properly ordered a new trial in this case despite Harp's contribution to the error.

We conclude that circuit courts have the discretion under sec. 805.15(1), Stats., to set aside a verdict and order a new trial in cases where the real controversy was not fully tried, regardless of the type of error involved and, further, that the court need not find a substantial likelihood of a different result on retrial before doing so. Finally, we conclude that the trial court did not abuse its discretion in so ruling in this case. We therefore affirm the order.

Harp admits that he killed Rodney Michaels but claims that he acted in self-defense. He asserts that he and Michaels had a sexual encounter in an adult bookstore booth in downtown Madison, during which Michaels stole his wallet and two knives he was carrying. Harp followed Michaels from the store, demanding the return of his property. He contends that Michaels then threatened him with a knife and that he stabbed Michaels in self-defense.

After being adjudged guilty, Harp filed a motion for postconviction relief, claiming that the jury instructions were constitutionally defective. The trial court agreed and granted the motion, ruling that despite the fact that Harp had waived any objections to the instructions by failing to raise them at the instruction conference, a new trial was necessary because the error was prejudicial. The state appealed and we affirmed the trial court's determination that the instructions were erroneous and that the error was not harmless. *State v. Harp,* 150 Wis. 2d 861, 890, 443 N.W.2d 38, 50 (Ct. App. 1989). However, because we could not ascertain whether the trial

court based its order on common-law exceptions to the waiver rule—which had since been erased by the supreme court in *State v. Schumacher,* 144 Wis. 2d 388, 402, 424 N.W.2d 672, 677 (1988)—or on the "discretionary reversal" provisions of sec. 805.15(1), Stats., we remanded, directing the court to clarify its decision on the point and, if it intended to act under sec. 805.15(1), to state its reasons for doing so. *Harp,* 150 Wis. 2d at 866, 443 N.W.2d at 40.

On remand, the trial court ruled that Harp was entitled to a new trial in the interest of justice under sec. 805.15(1), Stats., because the defective jury instructions prevented the real controversy from being fully tried. The state again appeals.

Section 805.15(1), Stats., sets forth the circuit court's authority to grant new trials in the following language:

> A party may move to set aside a verdict and for a new trial because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages, or because of newly-discovered evidence, or *in the interest of justice* (emphasis added).

This language may be compared to that of the discretionary reversal statute applicable to the court of appeals, sec. 752.35, Stats.:

> [I]f it appears from the record that the *real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried,* the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record . . . as [is] necessary to accomplish the ends of justice (emphasis added).

The state argues first that the trial court lacked authority under sec. 805.15(1), Stats., to order a new trial in the interest of justice unless it could first conclude that there was a substantial probability of a different result on retrial—in other words, that the real-controversy-not-fully-tried option is not available to trial courts. The argument is based on the difference in the circuit court rule and the statute applicable to the court of appeals: the fact that the latter has two grounds for reversal—miscarriage of justice *and* real-controversy-not-tried—whereas sec. 805.15 has only one—"the interest of justice."

Emphasizing that difference, the state equates the circuit court's power under sec. 805.15(1), Stats., with our "if-justice-has-miscarried" authority and maintains that because the supreme court has held that before we may reverse on that ground we must also determine that there is a likelihood of a different result on retrial,[2] the same limitation must apply to any similar authority the circuit court may derive from sec. 805.15(1).

The state offers no cases supporting its argument. Indeed, we have found no cases directly addressing the relationship between secs. 805.15(1) and 752.35, Stats.

There are, however, two decisions which are instructive, *Richards v. Gruen,* 62 Wis. 2d 99, 214 N.W.2d 309 (1974), and *Lien v. Pitts,* 46 Wis. 2d 35, 174 N.W.2d 462 (1970). In both cases the rules governing discretionary reversal by circuit courts were substantially identical to the present sec. 805.15(1), Stats.[3]

---

[2]*See State v. Wyss,* 124 Wis. 2d 681, 740-41, 370 N.W.2d 745, 773 (1985), *overr'd on other grounds, State v. Poellinger,* 153 Wis. 2d 493, 506, 451 N.W.2d 752, 757 (1990).

[3]In both cases the applicable rule, as today, authorized circuit courts "to set aside a verdict and [order] a new trial because of errors in the trial or because the verdict is contrary to law or to

In *Richards,* the trial court faced a situation similar to that presented here—where an intervening supreme court decision had highlighted an instructional error. The trial court ruled that, in light of that error, a new trial should be granted in the interest of justice "so that all issues can properly be tried." *Id.* at 109, 214 N.W.2d at 314 (citation omitted). There is no mention in the case of any finding or determination by the trial court (or the supreme court) that a different result was likely on retrial. On appeal, in the face of arguments that the error was waived because of the lack of any objection to the instruction at trial, the supreme court ruled: "It does not follow [from the lack of objection] that a trial court cannot grant a new trial in the interest of justice when it is of the opinion that justice has miscarried or a verdict is returned based upon erroneous instructions [of] law." *Id.* at 110-11, 214 N.W.2d at 314-15.

In *Lien,* 46 Wis. 2d at 44, 174 N.W.2d at 467, the trial court, being "convinced that competent and persuasive evidence . . . was not introduced into evidence and that the action was tried on the wrong theory," granted a new trial in the interest of justice. Here, too, there was no mention of any likelihood of a different result obtaining on retrial. The supreme court affirmed, stating:

> It is clear that the trial court . . . believed the case was tried upon the wrong theory . . . and that in the interest of obtaining justice a new trial should be had . . .. These reasons are sufficient to warrant a new trial in the interest of justice and . . . we find no abuse of discretion on the part of the trial court in [so] ordering . . .. *Id.* at 45, 174 N.W.2d at 467-68.

the evidence, or for excessive or inadequate damages *or in the interest of justice . . ..*" Sec. 270.49(1), Stats. (1967) and (1971) (emphasis added).

We agree with Harp that there is "no meaningful difference" between the "real-controversy-not-tried" portion of sec. 752.35, Stats., and the "tried-on-the-wrong-theory" grounds utilized by the trial court—and approved by the supreme court—in *Lien.* By affirming the trial court's discretion to order a new trial where the case was tried on a wrong or improper theory of law—e.g., where the real legal "controversy" was not fully tried—the supreme court has, impliedly at least, recognized that the "interest of justice" standard of sec. 805.15(1), Stats., encompasses the same elements as are contained in sec. 752.35, including the authority to reverse where trial errors have prevented the real controversy from being fully tried. That being so, we see no reason why the court's subsequent holdings in *Wyss, Schumacher,* and similar cases should not apply, with the result that where the trial court exercises its discretion to order a new trial because the real controversy was not fully tried, no showing of a probable likelihood of a different result at the second trial is required.

Such a conclusion makes sense from other standpoints as well. Wisconsin circuit courts are courts of original jurisdiction with broad powers to administer justice in individual cases. Section 753.03, Stats., for example, grants them "all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice." And, as we have seen, the language of sec. 805.15(1), Stats., provides no indication of any intention to place limitations such as those here urged on the circuit courts' use of the power to order a new trial in the interest of justice.[4]

---

[4]The state also suggests in its brief that the "harmless error" rule, sec. 805.18, Stats., somehow precludes interpreting sec.

The state next argues that even if the trial court possesses the authority to grant a new trial on grounds that the real controversy has not been fully tried, it may do so only when the error is one relating to the admission or exclusion of evidence.

The supreme court considered the same argument—addressed to this court's discretionary reversal power, rather than the trial court's—in *Vollmer v. Luety,* 156 Wis. 2d 1, 456 N.W.2d 797 (1990), a case decided after the briefs had been filed in this case. Vollmer was a successor to *Schumacher* where the supreme court had held that the court of appeals had no common-law power to review unobjected-to errors in jury instructions. The issue in *Vollmer* was whether, in light of *Schumacher,* we may order a new trial under sec. 752.35, Stats., on grounds that the real controversy has not been fully tried, where the underlying reason was an unobjected-to instructional error.

---

805.15(1) to encompass the authority of the trial court to grant new trials on "real-controversy-not-tried" grounds. Section 805.18 states that "[n]o judgment shall be reversed . . . or new trial granted in any action or proceeding on the ground of drawing, selection or misdirection of jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court . . . it shall appear that the error complained of has affected the substantial rights of the parties seeking to reverse or set aside the judgment, or to secure a new trial."

Because the trial court made no specific finding that the error in this case affected Harp's substantial rights, the state argues that the court lacked any and all authority to order a new trial in the interest of justice. The argument ignores the law of this case: our holding on the first appeal that "the instructional errors were *not* harmless." *Harp,* 150 Wis. 2d at 890, 443 N.W.2d at 50 (emphasis added). Given that holding, we see no need to consider the state's argument further.

Considering our statutory (as opposed to common-law) discretionary reversal power to be coextensive with its own, the supreme court discussed several cases where it had exercised that power to order a new trial on grounds that the real controversy had not been fully tried. The examples, which the court emphasized did not comprise a complete or exclusive list, included cases where evidence had been erroneously allowed or excluded,[5] unobjected-to instructional errors on significant issues,[6] and other errors by court or counsel which had not been preserved by objection.[7] *Vollmer,* 156 Wis. 2d at 19-21, 456 N.W.2d at 805-06. Other cases discussed by the court were those where there was an incomplete or insufficient record[8] or where the conduct of the attorneys or parties had prevented the jury from

[5]*State v. Penigar,* 139 Wis. 2d 569, 578, 408 N.W.2d 28, 32-33 (1987); *State v. Cuyler,* 110 Wis. 2d 133, 142-43, 327 N.W.2d 662, 667 (1983); *Garcia v. State,* 73 Wis. 2d 651, 655-56, 245 N.W.2d 654, 656 (1976); *Logan v. State,* 43 Wis. 2d 128, 137, 168 N.W.2d 171, 175-76 (1969).

[6]*In the Interest of C.E.W.,* 124 Wis. 2d 47, 59, 368 N.W.2d 47, 53 (1985); *Air Wisconsin, Inc., v. North Central Airlines, Inc.,* 98 Wis. 2d 301, 318, 296 N.W.2d 749, 756 (1980); *Clark v. Leisure Vehicles, Inc.,* 96 Wis. 2d 607, 620, 292 N.W.2d 630, 636 (1980); *Gyldenvand v. Schroeder,* 90 Wis. 2d 690, 699-700, 280 N.W.2d 235, 239-40 (1979).

[7]*Fletcher v. Eagle River Memorial Hospital, Inc.,* 156 Wis. 2d 165, 168, 456 N.W.2d 788, 790 (1990); *Hernan Plumbing Corp. v. Anchor Savings & Loan Ass'n,* 104 Wis. 2d 532, 537-38, 312 N.W.2d 745, 748-49 (1981); *First National Bank & Trust Co. v. Notte,* 97 Wis. 2d 207, 225, 293 N.W.2d 530, 539 (1980); *Merco Distributing Corp. v. O&R Engines, Inc.,* 71 Wis. 2d 792, 797-98, 239 N.W.2d 97, 100 (1976).

[8]*Bostonian Homes, Inc. v. Struck,* 44 Wis. 2d 553, 559-60, 171 N.W.2d 320, 323 (1969); *Walter v. Four Wheel Drive Auto Co.,* 213 Wis. 559, 572, 252 N.W. 346, 351 (1934).

fairly considering a crucial issue,[9] situations where the evidence "was confusing to the jury,"[10] and cases involving "such an abundance of misunderstanding, cross-purposes, and frustration that dismissal would leave us with a strong belief that the issues had not been fully tried nor justice done."[11] *Id.*

We have recognized in this opinion that the circuit court's discretionary authority under sec. 805.15(1), Stats., is at least coextensive with our own under sec. 752.35, Stats. It follows that, under *Vollmer,* the trial court's authority to order a new trial in the interest of justice was not limited to evidentiary errors, but that it had the power to do so where the erroneous jury instruction prevented the real controversy from being tried.

Finally, the state, citing *State v. Gove,* 148 Wis. 2d 936, 437 N.W.2d 218 (1989), argues that the trial court improperly exercised its discretion in ordering a new trial because Harp "affirmatively contributed" to the error by requesting the erroneous jury instructions. In *Gove,* the defendant's strategy was to cause a crucial witness to be absent at trial and then argue for reversal on appeal on grounds that his confrontation rights were violated by the witness's absence. The supreme court held that it was "contrary to fundamental principles of justice" to allow defense counsel to take one position at trial and, after being sustained, argue error on appeal. *Id.* at 944, 437 N.W.2d at 221.

---

[9]*Lorenz v. Wolff,* 45 Wis. 2d 407, 426-27, 173 N.W.2d 129, 138-39 (1970).

[10]*Prideaux v. Milwaukee Automobile Ins. Co.,* 246 Wis. 390, 394-95, 17 N.W.2d 350, 352 (1945).

[11]*Erickson v. Westfield Milling & Electric Light Co.,* 263 Wis. 580, 589, 58 N.W.2d 437, 441 (1953).

Harp, however, did not request the instruction in this case for tactical reasons similar to those of the offending party in *Gove*. The law on the points covered by the instruction was in flux at the time of Harp's trial. Indeed, the pattern jury instruction on the precise point in question was subsequently withdrawn and corrected. Harp was no more responsible for the error than was the state or the trial court; and under these circumstances we do not see his "contribution" to the error—his request of the instruction—as barring the trial court from exercising its discretion under sec. 805.15(1), Stats.

Both sides argue the merits of the instructional error. As we have already noted, however, the law of this case is, as we held in the first appeal, that "the instructional errors relied on by the trial court [in ordering a new trial] exist" and "were not harmless." *Harp,* 150 Wis. 2d at 886, 890, 443 N.W.2d at 48, 50.

*By the Court.*—Order affirmed.