PER CURIAM.
¶ 1 Bobby Smith appeals an amended judgment convicting him of two felonies arising from a fatal traffic accident. Smith also appeals a postconviction order denying his motion for a new trial. Smith claims he was denied the effective assistance of counsel when his trial attorney failed to challenge a jury instruction the circuit court provided in response to questions from the jury. Alternatively, Smith contends that he is entitled to a new trial in the interest of justice based upon the same jury instruction. Because the given jury instruction was proper, we conclude Smith's trial counsel did not provide ineffective assistance and the interests of justice do not require a new trial. Accordingly, we affirm.
BACKGROUND
¶ 2 The State charged Smith with causing the death of a motorcyclist by operating a motor vehicle while having a detectable amount of a restricted controlled substance in his blood and while knowing that his operating privileges had been suspended. Each of the two charges contained an element of causation, requiring the State to prove that Smith's actions had caused the motorcyclist's death. See WIS. STAT. §§ 940.09(1)(am) ; 343.44(1)(a) and (2)(ag)3. (2015-16).[1] Smith's defense theory was that the motorcyclist's own behavior was the cause of his death. Based upon the standard jury instructions, the circuit court initially instructed the jury on each charge that: " '[C]ause' means that the defendant's operation of a vehicle was a substantial factor in producing the death. There may be more than one cause of death. The act of one person alone might produce it, or the acts of two or more persons might jointly produce it." WIS JI-CRIMINAL 1187 (May 2011); WIS JI-CRIMINAL 2623A (Apr. 2013).
¶ 3 After deliberating for about forty-five minutes, the jury submitted several written questions to the circuit court. The question relevant to this appeal asked: "Can we get a definition or further explanation of the word 'substantial' in count 1 element 2?" In response, the circuit court further advised the jury "they should use their common sense and experience."
¶ 4 The jury subsequently returned guilty verdicts on both counts, and the circuit court entered a judgment of conviction upon the verdicts. Smith then moved for a new trial based upon ineffective assistance of counsel, or, in the alternative, in the interest of justice. Smith claimed his trial counsel should have raised an objection to the circuit court's instruction to the jury that they use their "common sense and experience" to understand the term "substantial factor." Smith contends his trial counsel should have requested an instruction defining a "substantial factor" consistent with language in State v. Serebin , 119 Wis. 2d 837, 350 N.W.2d 65 (1984). In the alternative, Smith argued the lack of further definition of the term "substantial factor" resulted in the real controversy not being tried under WIS. STAT. § 805.15.
¶ 5 The circuit court denied Smith's motion for a new trial without a hearing. Smith now appeals, raising the same two issues.
STANDARD OF REVIEW
¶ 6 We will independently determine whether a postconviction motion has alleged sufficient facts to entitle the defendant to a hearing as a matter of right. State v. Allen , 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 682 N.W.2d 433. If the allegations are insufficient, the circuit court has discretion whether to grant a hearing. Id.
¶ 7 The circuit court's decision whether to grant a new trial under WIS. STAT. § 805.15(1) is discretionary in nature. Goff v. Seldera , 202 Wis. 2d 600, 614, 550 N.W.2d 144 (Ct. App. 1996). We give great deference to the circuit court's decision because it is in the best position to observe and evaluate whether such relief is appropriate. Id. Accordingly, we will look for reasons to sustain the circuit court's decision, and we will set it aside only if the circuit court fails to provide a reasonable explanation for its decision or it grounds the decision upon a mistaken view of the evidence or an erroneous view of the law. Sievert v. American Family Mut. Ins. Co. , 180 Wis. 2d 426, 431, 509 N.W.2d 75 (Ct. App. 1993), aff'd 190 Wis. 2d 623, 258 N.W.2d 413 (1995).
DISCUSSION
¶ 8 In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. Allen , 274 Wis. 2d 568, ¶¶ 9, 36. In the context of a claim of ineffective assistance of counsel, that means the facts alleged would, if true, establish both that counsel provided deficient performance and that the defendant was prejudiced by that performance. State v. Swinson , 2003 WI App 45, ¶ 58, 261 Wis. 2d 633, 660 N.W.2d 12. No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates the defendant is not entitled to relief. Nelson v. State , 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).
¶ 9 Here, Smith claims his trial counsel performed deficiently by failing to ask the circuit court to provide the jury with language from Serebin to clarify the meaning of the phrase "substantial factor" in response to the jury's question. Specifically, Smith contends trial counsel should have requested an instruction stating that a "substantial factor" is a technical or legal term meaning "a factor actually operating and which ha[s] substantial effect in producing the death as a natural result," and referring to "the proximate, primary, efficient, or legal cause of such harmful result." Serebin , 119 Wis. 2d at 849.
¶ 10 Smith's argument is flawed in multiple respects. To begin with, Smith does not allege-and the appellate record does not show-that the circuit court ever informed trial counsel about the question from the jury before it provided its answer. Trial counsel could not fairly be expected to have raised any objection to the circuit court's response without having had any opportunity to do so. Moreover, if Smith's counsel was informed, the record does not show whether counsel objected to the instruction. If counsel did object, Smith would have no basis to claim his counsel was deficient on this matter.
¶ 11 Next, even assuming that there was some off-the-record discussion about the question from the jury and that Smith's counsel did not object to the circuit court's proposed answer, we note that the jury did not actually inquire about the meaning of a "substantial factor," but, rather, about the word "substantial," which is not a technical or legal term. To the contrary, the standard jury instructions the circuit court initially provided to the jury used the word "substantial," in its ordinary meaning and without technical definition, to explain what is required to prove the element of causation, with "cause" being the actual legal term at issue. Thus, the circuit court's supplemental instruction that the jury "should use [its] common sense and experience" must be evaluated in conjunction with the standard jury instructions already provided in order to determine whether the court accurately advised the jury about the element of causation.
¶ 12 Under Smith's logic, providing the standard jury instructions alone would itself have been error, because those instructions do not mention "a factor actually operating and which ha[s] substantial effect in producing the death as a natural result," or referring to "the proximate, primary, efficient, or legal cause of such harmful result." However, Smith has provided no citation to legal authority supporting the proposition that the standard jury instructions using the language "substantial" or "substantial factor" are either inaccurate or inadequate in defining causation. Therefore, we are not persuaded that the circuit court erred in further directing the jury to use its common sense and experience both in understanding the term "substantial" and in determining whether Smith's conduct was a substantial factor in causing the motorcyclist's death.
¶ 13 Furthermore, the language Smith cites from Serebin is outdated, because it is based upon a jury instruction that no longer exists. See WIS JI-CRIMINAL 1160. The prior jury instruction was used in conjunction with a statute for homicide by reckless conduct that was replaced in 1989 with the current statute for second-degree reckless homicide. See Judicial Council Committee Note, 1987, WIS. STAT. § 940.06. In State v. Miller , 231 Wis. 2d 447, 605 N.W.2d 567 (Ct. App. 1999), this court explicitly rejected an argument that a "substantial factor" under the current test for causation means a "primary factor." Id. at 456-57. Therefore, it would have been error for the circuit court to inform the jury that a "substantial factor" refers to "the proximate, primary, efficient, or legal cause of such harmful result," as Smith contends should have occurred. As for the remainder of the Serebin language, it too uses the term "substantial" to describe the causation effect, and therefore would not have been helpful to the jury's request to define "substantial."
¶ 14 In sum, the circuit court did not misinform the jury. The court's original instructions accurately informed the jury that the element of causation required a finding that Smith's operation of his vehicle was a substantial factor in producing the motorcyclist's death. The court's supplemental instruction in response to the jury's question about the meaning of "substantial" was in accordance with the general rule that a jury should rely on its common sense and experience. See State v. Heitkemper , 196 Wis. 2d 218, 225, 538 N.W.2d 561 (Ct. App. 1995).
¶ 15 Because the circuit court did not misinform the jury, the allegations in Smith's motion are insufficient to state a claim for ineffective assistance of counsel. See Swinson , 261 Wis. 2d 633, ¶ 59 (trial counsel does not perform deficiently by failing to bring a meritless motion). Therefore, the circuit court acted within its discretion when it denied Smith's motion for a new trial without a hearing.
¶ 16 Moving on to Smith's second claim, he asserts that the circuit court erred in denying his motion under WIS. STAT. § 805.15 for a new trial in the interest of justice because the real controversy has not been fully tried.[2] See State v. Harp , 161 Wis. 2d 773, 779, 469 N.W.2d 210 (Ct. App. 1991). To establish the real controversy has not been fully tried, a party must show "that the jury was precluded from considering 'important testimony that bore on an important issue' or that certain evidence which was improperly received 'clouded a crucial issue' in the case." State v. Darcy N.K. , 218 Wis. 2d 640, 667, 581 N.W.2d 567 (Ct. App. 1998) (citation omitted). However, Smith has not pointed to any evidence that was erroneously admitted or excluded, and we have already explained why the instructions given to the jury were proper. We therefore conclude the circuit court also reasonably acted within its discretion when it denied Smith's alternative request for a new trial in the interest of justice.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

We note that Smith has not explicitly asked this court to exercise our own discretion under Wis. Stat. § 752.35 to grant a new trial in the interest of justice.